# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | Case No.: 2:23-cr-114-ACA-NAD |
| | ) | |
| **DEMONTAYE LAMAR JONES** | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the Defendant, Demontaye Lamar Jones, by and through undersigned counsel, and files his Sentencing Memorandum.

In *United States v. Booker*,[1] the Supreme Court established that a District Court Judge is to impose a sentence upon a defendant that is "reasonable." The sentence imposed must be *informed* by the advisory guideline range, but ultimately driven by the sentencing factors set forth by Congress in 18 U.S.C. §3553(a).[2] The Supreme Court clarified in *Booker* that the sentencing guidelines are advisory in nature and as such must be adapted to fit the unique circumstances presented to the Court and be in keeping with the sentencing directives set forth in 18 U.S.C. §3553(a).[3] Additionally, in *Kimbrough v. United States,*[4] the Supreme Court notes that Sentencing Courts may treat the guidelines as "one factor among several" to be considered in imposing an appropriate sentence and that courts may vary from the advisory guideline range based solely on policy.[5] The Court's "overarching" duty is to "impose a sentence sufficient, but

---

[1] 543 U.S. 220 (2005).

[2] *Id*.

[3] *Id*.

[4] 552 U.S. 85 (2007).

[5] *Id.* at 90.

not greater than necessary to accomplish the goals of sentencing."[6]

The Supreme Court has found that District Courts have a broad base of information not contemplated by the sentencing commission when drafting sentences.[7]

> The Commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics. Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civil, charitable, or public service are not ordinarily considered under the Guidelines. See USSG. Manual §§ 5H1.1-6, 11, and 12 (Nov. 2006). These are, however, matters that § 3553(a) authorizes the sentencing judge to consider. See, *e.g.,* 18 U.S.C. § 3553(a)(1)).[8]

"[I]t is fair to *assume* that the Guidelines, insofar as practicable, reflect a *rough approximation* of sentences that *might* achieve § 3553(a)'s objectives."[9] The Sentencing Judge may take into consideration that the Guidelines sentence should not apply "because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations…"[10]

The difficulty before this Honorable Court, in this particular case, is the presence of a substantial mandatory minimum sentence to be imposed, without discretion of the court, in the matter of count two of the indictment. Congress has established certain cases as having absolute mandatory statutory sentencing minimum sentences for certain egregious cases.  The present case has factors and elements that subject Mr. Jones to said mandatory minimums, specifically a thirty year sentence.[11] Furthermore, the PSR establishes correctly that the term of imprisonment on

---

[6] *Id*. at 101, *see also United States v. Pepper*, 131 S. Ct. At 1212-43.

[7] *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2561 (2007).

[8] *Id*.

[9] *Id.* at 2465 (majority opinion) (emphasis added).

[10] *Id.*

[11] 18 U.S.C 924(c)(1)(B)(ii) "is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.

Count 2 must be imposed consecutively to any other counts.[12]  Absent a motion pursuant to 18 U.S.C. 3553(e), the court is bound by this sentence and any arguments made by counsel bear no weight on this Honorable Court.

The only argument currently available to the defense is for that of a variance on the "ground that its circumstances present an 'atypical case' that falls outside the 'heartland' to which the United States Sentencing Commission intends each individual Guideline to apply,"[13] and that, "independent of the Guidelines, application of the sentencing factors in 18 U.S.C. §3553(a) warrants a lower sentence."[14]  Mr. Jones would argue that the sentencing factors articulated by Congress in 18 U.S.C. §3553(a),[15] weigh strongly in favor of a sentence of variance in this case.

In *Rita v. United States*, the Supreme Court held that while an Appellate Court may apply a presumption of reasonableness to a District Court sentence imposed within a properly calculated guideline range, such a presumption does not apply in the District Court.[16]  The Court stated that "[i]n determining the merits of these arguments, the Sentencing Court does not enjoy the benefit

---

[12] PSR ¶ 88.

[13] *Id.*

[14] *Id. citing Booker*, 543 U.S. 259-60.

[15] Section 3553(a) requires the Court to consider the following factors in determining the appropriate sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Sentencing Guidelines; (5) any pertinent Guidelines policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

[16] *See Rita*, 127 S.Ct. at 2465.

of a legal presumption that the Guidelines sentence should apply."[17] Because the Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing" the courts are allowed to disagree with the guidelines because the "Guidelines are now advisory . . . , as a general matter, Courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines."[18]

Congress directed that the District Court in each individual case "impose a sentence sufficient, but not greater than necessary, to comply with" the purposes of sentencing.[19] The Sentencing Court is to filter the guidelines general advice through the sentencing factors established by Congress, thereby allowing the Court to give deference to all factors in a case and produce a sentence that is not unreasonable.  A District Court Judge in the Eastern District of Virginia, stated that "fashioning a just sentence cannot be reduced to a mere arithmetical exercise [and] reliance solely on numbers, quantities, offense levels, criminal history categories, and matrices produces an illusory precision that obscures the fact that sentencing, in the end, must involve the exercise of judgment."[20]

While it is easy to focus on the mandatory minimum of count 2, this does not allow the sentencing judge to impose a sentence sufficient, but not greater than necessary and the Court is stripped of its discretion in this matter except by way of a variance.  But for the mandatory minimum sentence, Mr. Jones would otherwise qualify for a significantly less sentence and request a variance do so.

---

[17] *Id*.

[18] *Kimbrough v. United States*, 552 U.S. 85, 101-02 (2007).

[19] 18 U.S.C. §3553(a)

[20] *United States v. Biheiri*, 356 F.Supp.2d 589 (E.D. Va. 2005).

For the reasons stated, Mr. Jones respectfully requests that this Court grant his request for a variance and impose a sentence more in line with the nature and facts of this specific case.

Dated this the 3rd of January 2024.

Respectfully submitted,

*/s/ Michael Tewalt*
Michael T. Tewalt
100 Washington Street, Suite B3
Huntsville, Alabama 35801
(256) 288-3044
attorney.michael.tewalt.@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*Michael T. Tewalt*